

# Service of Process Transmittal

09/16/2021
CT Log Number 540254576

| | |
|---|---|
| **TO:** | Robin Johnson<br>Shell Oil Company<br>150 N DAIRY ASHFORD RD<br>HOUSTON, TX 77079-1115 |
| **RE:** | **Process Served in Texas** |
| **FOR:** | Shell Oil Company  (Domestic State: DE) |

**ENCLOSED ARE COPIES OF LEGAL PROCESS RECEIVED BY THE STATUTORY AGENT OF THE ABOVE COMPANY AS FOLLOWS:**

| | |
|---|---|
| **TITLE OF ACTION:** | Re: HOWELL C. MCINTYRE // To: Shell Oil Company |
| **DOCUMENT(S) SERVED:** | -- |
| **COURT/AGENCY:** | None Specified<br>Case # 202158511 |
| **NATURE OF ACTION:** | Personal Injury - Failure to Maintain Premises in a Safe Condition |
| **ON WHOM PROCESS WAS SERVED:** | C T Corporation System, Dallas, TX |
| **DATE AND HOUR OF SERVICE:** | By Process Server on 09/16/2021 at 02:02 |
| **JURISDICTION SERVED :** | Texas |
| **APPEARANCE OR ANSWER DUE:** | None Specified |
| **ATTORNEY(S) / SENDER(S):** | None Specified |
| **ACTION ITEMS:** | CT has retained the current log, Retain Date: 09/16/2021, Expected Purge Date: 09/21/2021 |
| | Image SOP |
| | Email Notification,  Patricia Gunning  patricia.gunning@shell.com |
| | Email Notification,  Robin Johnson  robin.l.johnson@shell.com |
| **REGISTERED AGENT ADDRESS:** | C T Corporation System<br>1999 Bryan Street<br>Suite 900<br>Dallas, TX 75201<br>877-564-7529<br>MajorAccountTeam2@wolterskluwer.com |

The information contained in this Transmittal is provided by CT for quick reference only. It does not constitute a legal opinion, and should not otherwise be relied on, as to the nature of action, the amount of damages, the answer date, or any other information contained in the included documents. The recipient(s) of this form is responsible for reviewing and interpreting the included documents and taking appropriate action, including consulting with its legal and other advisors as necessary. CT disclaims all liability for the information contained in this form, including for any omissions or inaccuracies that may be contained therein.



# PROCESS SERVER DELIVERY DETAILS

**Date:** Thu, Sep 16, 2021

**Server Name:** camryn espinosa

| Entity Served | SHELL OIL COMPANY |
|---|---|
| Case Number | 202158511 |
| Jurisdiction | TX |





COPY OF PLEADING PROVIDED BY PLT

CAUSE NO. 202158511

RECEIPT NO: 945234  TRACKING NO: 73915160 EML

| | |
|---|---|
| Plaintiff: | In The 215th |
| MCINTYRE, HOWELL C | Judicial District Court of |
| vs. | Harris County, Texas |
| Defendant: | 201 CAROLINE |
| NOBLE DRILLING (U S) LLC | Houston, Texas |

## CITATION CORPORATE

**THE STATE OF TEXAS**
**County of Harris**

**To:** SHELL OIL COMPANY (A FOR-PROFIT CORPORATION) MAY BE SERVED BY SERVING ITS REGISTERED AGENT C T CORPORATION SYSTEM
1999 BRYAN ST SUITE 900, DALLAS TX 75201

Attached is a copy of: PLAINTIFF'S ORIGINAL PETITION

This instrument was filed on September 10, 2021 in the above cited cause number and court. The instrument attached describes the claim against you.

**YOU HAVE BEEN SUED.** You may employ an attorney. If you or your Attorney do not file a written answer with the District Clerk who issued this citation by 10:00 a.m. on the Monday next following the expiration date of 20 days after you were served this citation and petition, a default judgment may be taken against you. In addition to filing a written answer with the clerk, you may be required to make initial disclosures to the other parties of this suit. These disclosures generally must be made no later than 30 days after you file your answer with the clerk. Find out more at TexasLawHelp.org.

This citation was issued on September 13, 2021, under my hand and seal of said court.



| | |
|---|---|
| Issued at the request of: | Marilyn Burgess, District Clerk |
| SHAFFER, MATTHEW D. | Harris County, Texas |
| 3200 TRAVIS, 3RD FLR | 201 CAROLINE Houston Texas 77002 |
| HOUSTON TX, 77006 | (PO Box 4651, Houston, Texas 77210) |
| 713-524-3500 | |
| Bar Number: 18085600 | Generated By: ADILIANI SOLIS |

Tracking Number: 73915160 EML

## CAUSE NUMBER: 202158511

| | |
|---|---|
| PLAINTIFF: MCINTYRE, HOWELL C | In the 215th |
| vs. | Judicial District Court of |
| DEFENDANT: NOBLE DRILLING (U S) LLC | Harris County, Texas |

### OFFICER - AUTHORIZED PERSON RETURN

Came to hand at _____ o'clock ___. M. on the _____ day of _____, 20_____. Executed at

(Address)_____
in

_____ County at o'clock ___. M. On the _____ day of _____, 20_____, by

Delivering to _____defendant, in person, a true copy of this Citation together with the accompanying _____ copy (ies) of the «Attachment». Petition attached thereto and I endorsed on said copy of the Citation the date of delivery.

To certify which I affix my hand officially this _____day of _____, 20.

Fees $_____

_____                       By_____
          Affiant                                                                              Deputy

On this day, _____, known to me to be the person whose signature appears on the foregoing return, personally appeared. After being by me duly sworn, he/she stated that this citation was executed by him/her in the exact manner recited on the return.

SWORN TO AND SUBSCRIBED BEFORE ME, On this _____ day of _____, 20__.

_____
Notary Public

# CIVIL CASE INFORMATION SHEET (Rev. 2/13)

CAUSE NUMBER (FOR CLERK USE ONLY): _____  COURT (FOR CLERK USE ONLY): _____

STYLED: Howell C. McIntyre v. Noble Drilling (U.S.) LLC, et al.
(e.g., John Smith v. All American Insurance Co; In re Mary Ann Jones; In the Matter of the Estate of George Jackson)

A civil case information sheet must be completed and submitted when an original petition or application is filed to initiate a new civil, family law, probate, or mental health case or when a post-judgment petition for modification or motion for enforcement is filed in a family law case. The information should be the best available at the time of filing.

## 1. Contact information for person completing case information sheet:

| Name: | Email: | Names of parties in case: | Person or entity completing sheet is: |
|---|---|---|---|
| Matthew D. Shaffer | mshaffer@smslegal.com | Plaintiff(s)/Petitioner(s): Howell C. McIntyre | [X] Attorney for Plaintiff/Petitioner<br>[ ] Pro Se Plaintiff/Petitioner<br>[ ] Title IV-D Agency<br>[ ] Other: _____ |
| Address: 3200 Travis, 3rd Floor | Telephone: (713) 524-3500 | | Additional Parties in Child Support Case:<br>Custodial Parent: |
| City/State/Zip: Houston/TX/77006 | Fax: (713) 751-0412 | Defendant(s)/Respondent(s): Noble Drilling (U.S.) LLC<br>Noble Drilling Services, Inc.<br>Shell Oil Company | Non-Custodial Parent:<br><br>Presumed Father: |
| Signature: /s/ Matthew D. Shaffer | State Bar No: 18085600 | [Attach additional page as necessary to list all parties] | |

## 2. Indicate case type, or identify the most important issue in the case (select only 1):

### Civil

**Contract**
- Debt/Contract
  - [ ] Consumer/DTPA
  - [ ] Debt/Contract
  - [ ] Fraud/Misrepresentation
  - [ ] Other Debt/Contract: _____
- Foreclosure
  - [ ] Home Equity—Expedited
  - [ ] Other Foreclosure
- [ ] Franchise
- [ ] Insurance
- [ ] Landlord/Tenant
- [ ] Non-Competition
- [ ] Partnership
- [ ] Other Contract: _____

**Injury or Damage**
- [ ] Assault/Battery
- [ ] Construction
- [ ] Defamation
- Malpractice
  - [ ] Accounting
  - [ ] Legal
  - [ ] Medical
  - [ ] Other Professional Liability: _____
- [ ] Motor Vehicle Accident
- [ ] Premises
- Product Liability
  - [ ] Asbestos/Silica
  - [ ] Other Product Liability List Product: _____
- [X] Other Injury or Damage: Jones Act and General Maritime Law

**Real Property**
- [ ] Eminent Domain/Condemnation
- [ ] Partition
- [ ] Quiet Title
- [ ] Trespass to Try Title
- [ ] Other Property: _____

**Related to Criminal Matters**
- [ ] Expunction
- [ ] Judgment Nisi
- [ ] Non-Disclosure
- [ ] Seizure/Forfeiture
- [ ] Writ of Habeas Corpus—Pre-indictment
- [ ] Other: _____

**Employment**
- [ ] Discrimination
- [ ] Retaliation
- [ ] Termination
- [ ] Workers' Compensation
- [ ] Other Employment: _____

**Other Civil**
- [ ] Administrative Appeal
- [ ] Antitrust/Unfair Competition
- [ ] Code Violations
- [ ] Foreign Judgment
- [ ] Intellectual Property
- [ ] Lawyer Discipline
- [ ] Perpetuate Testimony
- [ ] Securities/Stock
- [ ] Tortious Interference
- [ ] Other: _____

### Family Law

**Marriage Relationship**
- [ ] Annulment
- [ ] Declare Marriage Void
- Divorce
  - [ ] With Children
  - [ ] No Children

**Other Family Law**
- [ ] Enforce Foreign Judgment
- [ ] Habeas Corpus
- [ ] Name Change
- [ ] Protective Order
- [ ] Removal of Disabilities of Minority
- [ ] Other: _____

**Post-judgment Actions (non-Title IV-D)**
- [ ] Enforcement
- [ ] Modification—Custody
- [ ] Modification—Other

**Title IV-D**
- [ ] Enforcement/Modification
- [ ] Paternity
- [ ] Reciprocals (UIFSA)
- [ ] Support Order

**Parent-Child Relationship**
- [ ] Adoption/Adoption with Termination
- [ ] Child Protection
- [ ] Child Support
- [ ] Custody or Visitation
- [ ] Gestational Parenting
- [ ] Grandparent Access
- [ ] Parentage/Paternity
- [ ] Termination of Parental Rights
- [ ] Other Parent-Child: _____

### Tax
- [ ] Tax Appraisal
- [ ] Tax Delinquency
- [ ] Other Tax

### Probate & Mental Health
- Probate/Wills/Intestate Administration
  - [ ] Dependent Administration
  - [ ] Independent Administration
  - [ ] Other Estate Proceedings
- [ ] Guardianship—Adult
- [ ] Guardianship—Minor
- [ ] Mental Health
- [ ] Other: _____

## 3. Indicate procedure or remedy, if applicable (may select more than 1):
- [ ] Appeal from Municipal or Justice Court
- [ ] Arbitration-related
- [ ] Attachment
- [ ] Bill of Review
- [ ] Certiorari
- [ ] Class Action
- [ ] Declaratory Judgment
- [ ] Garnishment
- [ ] Interpleader
- [ ] License
- [ ] Mandamus
- [ ] Post-judgment
- [ ] Prejudgment Remedy
- [ ] Protective Order
- [ ] Receiver
- [ ] Sequestration
- [ ] Temporary Restraining Order/Injunction
- [ ] Turnover

## 4. Indicate damages sought (do not select if it is a family law case):
- [ ] Less than $100,000, including damages of any kind, penalties, costs, expenses, pre-judgment interest, and attorney fees
- [ ] Less than $100,000 and non-monetary relief
- [ ] Over $100,000 but not more than $200,000
- [ ] Over $200,000 but not more than $1,000,000
- [X] Over $1,000,000

9/10/2021 4:43 PM
Marilyn Burgess - District Clerk Harris County
Envelope No. 57154179
By: Adiliani Solis
Filed: 9/10/2021 4:43 PM

CAUSE NO: _____

| | | |
|---|---|---|
| HOWELL C. MCINTYRE | § | IN THE DISTRICT COURT OF |
| | § | |
| VS. | § | HARRIS COUNTY, TEXAS |
| | § | |
| NOBLE DRILLING (U.S.) LLC, NOBLE DRILLING SERVICES INC. and SHELL OIL COMPANY | § § § | _____ JUDICIAL DISTRICT |

## PLAINTIFF'S ORIGINAL PETITION

TO THE HONORABLE JUDGE OF SAID COURT:

COMES NOW, HOWELL C. MCINTYRE, hereinafter referred to as 'Plaintiff', complaining of NOBLE DRILLING (U.S.) LLC, NOBLE DRILLING SERVICES INC. and SHELL OIL COMPANY, hereinafter referred to as 'Defendants', and would respectfully show as follows:

### I.
### DISCOVERY CLASS

1.  Pursuant to TEXAS RULE OF CIVIL PROCEDURE 190.3, Plaintiff requests that discovery be conducted under level 2.

### II.
### JURISDICTION

2.  This claim is maintained under the Jones Act, 46 U.S.C. § 30104, and the General Maritime Law of the United States. This Court has exclusive jurisdiction pursuant to the Savings to Suitors clause.

3.  Plaintiff has been damaged in a sum in excess of the minimum jurisdictional limits of this Honorable Court.

### III.
### PARTIES

4.  Plaintiff, HOWELL C. MCINTYRE, a person of majority age is a resident of Slidell,

1

Louisiana. Plaintiff is an American seaman protected by the Jones Act, 46 U.S.C. § 30104.

5. Defendant, NOBLE DRILLING (U.S.) LLC, is a limited liability company with its principal place of business in the State of Texas. This Defendant may be served with due process herein by serving its registered agent for service in the State of Texas, C T Corporation System, 1999 Bryan St., Suite 900, Dallas, Texas 75201-3136.

6. Defendant, NOBLE DRILLING SERVICES INC., is a for-profit corporation with its principal place of business in the State of Texas. This Defendant may be served with due process herein by serving its registered agent for service in the State of Texas, C T Corporation System, 1999 Bryan St., Suite 900, Dallas, Texas 75201-3136.

7. Defendant, SHELL OIL COMPANY, is a for-profit corporation with its principal place of business in the State of Texas. This Defendant may be served with due process herein by serving its registered agent for service in the State of Texas, C T Corporation System, 1999 Bryan St., Suite 900, Dallas, Texas 75201-3136.

## IV.
## VENUE

8. Venue is proper in Harris County, Texas because one or more Defendants has a principal place of business located in this County.

## V.
## FACTS

9. Plaintiff, HOWELL C. MCINTYRE, would show that this lawsuit has become necessary as a result of occupational injuries he sustained on or about August 29, 2021. On or about August 29, 2021, employees and/or agents of Defendants, NOBLE DRILLING (U.S.) LLC, NOBLE DRILLING SERVICES INC., and SHELL OIL COMPANY, negligently caused Plaintiff to sustain injuries in the course and scope of his employment as an assistant driller

aboard the NOBLE GLOBETROTTER II.

10.     On or about August 29, 2021, Plaintiff, HOWELL C. MCINTYRE, was employed by Defendant, NOBLE DRILLING (U.S.) LLC and/or NOBLE DRILLING SERVICES INC., as a member of the crew of the NOBLE GLOBETROTTER II, a mobile offshore drilling unit.

11.     At all relevant times, Defendants, NOBLE DRILLING (U.S.) LLC and/or NOBLE DRILLING SERVICES INC., contracted with Defendant, SHELL OIL COMPANY, to perform offshore drilling operations in the Gulf of Mexico. At all relevant times, the NOBLE GLOBETROTTER II was owned, operated, and/or managed by Defendants. At all relevant times, the NOBLE GLOBETROTTER II was a vessel deployed in navigable waters of the Gulf of Mexico, and Plaintiff was contributing to, and aiding such vessel to accomplish its mission.

12.     A few days before August 29, 2021, Plaintiff was working to perform his duties aboard the NOBLE GLOBETROTTER II when it became known that the vessel was in the direct path of Hurricane Ida. Standard hurricane procedures developed by the offshore oil industry in response to the sinking of the Ocean Ranger, which claimed the lives of all 84 souls onboard, require up to date storm monitoring. An accurate calculation of the time required to secure well operations and recover drilling equipment is supposed to be maintained in order to allow for the relocation of the vessel out of harm's way. As a storm approaches, operations are to be drawn down and nonessential crew evacuated.

13.     Hurricane procedures were not followed, and the NOBLE GLOBETROTTER II remained on location, still latched up with over 100 crewmembers onboard while Ida strengthened into a category 4 hurricane. As a result of the Defendants' failure to relocate the Globetrotter II, the vessel took a direct hit from the storm and was exposed to sustained winds in excess of 150mph.

14. Defendants, NOBLE DRILLING (U.S.) LLC, NOBLE DRILLING SERVICES INC., and SHELL OIL COMPANY, chose not to leave in advance of the storm and instead chose to stay and trip in as part of an attempt to retrieve a fish and/or other drilling equipment. As a result, the crew lost precious time and were not able to depart from their location before being overpowered by the winds and force of Hurricane Ida. In addition, Defendants, NOBLE DRILLING (U.S.) LLC, NOBLE DRILLING SERVICES INC., and SHELL OIL COMPANY, encountered a malfunction in some of the equipment used on deck to bring up the risers, which caused additional delay.

15. The force of the storm caused extensive damage to the vessel including the destruction of SOLAS equipment, such as rescue craft and lifeboats. Watertight doors failed, leading to the flooding of compartments, while heavy machinery broke loose. The shifting of weights from water intrusion and loose equipment strewn across the deck compromised the vessel's stability. In addition, there was a crack in the hull of the ship, leaking water into the cofferdam. The crewmembers were at the mercy of the storm and unable to address the damage taken by the ship as they too were thrown about in the rough seas.

16. The force of the storm caused extensive damage to the vessel including the destruction of SOLAS equipment, such as rescue craft and lifeboats. Watertight doors failed, leading to the flooding of compartments, while heavy machinery broke loose. The shifting of weights from water intrusion and loose equipment strewn across the deck compromised the vessel's stability. In addition, there was a crack in the hull of the ship, leaking water into the cofferdam. The crewmembers were at the mercy of the storm and unable to address the damage taken by the ship as they too were thrown about in the rough seas.

17. The Defendants' actions have caused Plaintiff physical impacts and severe mental

anguish and emotional distress and have further left him unfit-for-duty and unable to work offshore. Plaintiff was in a zone of physical and mental danger – not by his own volition – and which has left him physically and mentally unable to work offshore. While onboard the NOBLE GLOBETROTTER II, Plaintiff faced imminent danger and feared that he would lose his life and never see his family again.

18. In addition, and in connection with the events described herein on or about August 29, 2021, Plaintiff sustained severe and debilitating injuries to his head, back, and both knees, among other parts of his body. Plaintiff's head struck a wall and both of his knees were hit as well when he fell and rolled portside about 15 feet. In addition, Plaintiff continues to suffer from emotional disturbance, mental distress, and other psychological symptoms, including anxiety, and sleeping difficulties.

19. To the extent that Plaintiff had any pre-existing injuries or medical condition(s) at the time of the occurrence in question, the same was not disabling, and he would respectfully show that such pre-existing condition, if any, was aggravated by the incident made the basis of this suit to such an extent that it became disabling, bringing about the necessity of medical treatment.

## VI.
## FIRST CAUSE OF ACTION FOR NEGLIGENCE

20. Plaintiff re-avers and re-alleges each and every allegation of fact and law contained herein as if re-pled in their entirety.

21. Plaintiff brings this cause of action against Defendants, NOBLE DRILLING (U.S.) LLC and NOBLE DRILLING SERVICES INC., pursuant to the Jones Act, 46 USC §30104, et seq.

22. On or about August 29, 2021, Defendants, NOBLE DRILLING (U.S.) LLC and NOBLE DRILLING SERVICES INC., employed Plaintiff as a crewmember aboard the NOBLE GLOBETROTTER II. At all relevant times, it was feasible for said Defendants to provide to

5

Plaintiff, HOWELL C. MCINTYRE, and said Defendants owed to Plaintiff, duties of care to provide, inter alia, a safe place to work. Plaintiff further contends that on the occasion in question, Defendants, NOBLE DRILLING (U.S.) LLC and NOBLE DRILLING SERVICES INC., acting through their officers, agents, servants and/or employees, were careless and negligent in breach of the duty owed to its employee, Plaintiff, HOWELL C. MCINTYRE. Defendants, NOBLE DRILLING (U.S.) LLC and NOBLE DRILLING SERVICES INC., were careless and negligent in the following respects:

  a. In failing to provide a safe work environment;
  b. In failing to mitigate against the dangers posed by Hurricane Ida;
  c. In failing to provide adequate safety equipment and gear;
  d. In failing to provide Plaintiff adequate safety from Hurricane Ida;
  e. In failing to timely and effectively evacuate the NOBLE GLOBETROTTER II;
  f. In failing to properly inspect and maintain the vessel, its equipment and gear, in safe, working condition;
  g. In operating the vessel in an unsafe and improper manner;
  h. In choosing to trip in and try to retrieve a fish, which prevented the vessel from leaving in advance of the storm's wrath;
  i. In failing to have the vessel moored in a safe area;
  j. In violating applicable U.S. Coast Guard and OSHA applicable rules and regulations;
  k. In failing to provide prompt and adequate medical attention to Plaintiff; and,
  l. Other acts of negligence as proven at time of trial

23. On or about August 29, 2021, and as a direct and proximate result of the negligent acts of Defendants, NOBLE DRILLING (U.S.) LLC and NOBLE DRILLING SERVICES INC., Plaintiff developed severe and debilitating injuries to his back, head, knees, and other parts of his body as well as emotional disturbance and mental distress. Said occurrence and injuries occurred as a result of the negligence of Defendants, NOBLE DRILLING (U.S.) LLC and NOBLE DRILLING SERVICES INC., their agents, servants, and/or employees, acting in the course and scope of their employment or agency.

**VII.**
**SECOND CAUSE OF ACTION FOR NEGLIGENCE**

24. Plaintiff re-avers and re-alleges each and every allegation of fact and law contained herein as if re-pled in their entirety.

25. Plaintiff brings this cause of action against Defendant, SHELL OIL COMPANY, for negligence under the General Maritime Law of the United States.

26. On or about August 29, 2021, the NOBLE GLOBETROTTER II was leased to Defendant, SHELL OIL COMPANY, and Defendant, SHELLL OIL COMPANY, was involved in the vessel's operations. At all relevant times, said Defendant owed to Plaintiff a duty to exercise reasonable care under the circumstances. Plaintiff further contends that on the occasion in question, Defendant, SHELL OIL COMPANY, acting through its officers, agents, servants and/or employees, were careless and negligent in the following respects:

   a. In failing to provide a safe work environment;
   b. In failing to mitigate against he dangers posed by Hurricane Ida;
   c. In failing to provide adequate safety equipment and gear;
   d. In failing to provide Plaintiff adequate safety from Hurricane Ida;
   e. In failing to provide Plaintiff adequate safety from Hurricane Ida;
   f. In failing to provide Plaintiff adequate safety from Hurricane Ida;
   g. In operating the vessel in an unsafe and improper manner;
   h. In operating the vessel in an unsafe and improper manner;
   i. In operating the vessel in an unsafe and improper manner;
   j. In operating the vessel in an unsafe and improper manner;
   k. In operating the vessel in an unsafe and improper manner;
   l. Other acts of negligence as proven at time of trial.

27. On or about August 29, 2021, and as a direct and proximate result of the negligent acts of Defendant, SHELL OIL COMPANYN, Plaintiff developed severe and debilitating injuries to his back, head, knees, and other parts of his body as well as emotional disturbance and mental distress. Said occurrence and injuries occurred as a result of the negligence of Defendant, SHELL OIL COMPANY, its agents, servants, and/or employees, acting in the course and scope of their employment or agency.

## VIII.
## THIRD CAUSE OF ACTION FOR VESSEL UNSEAWORTHINESS

28. Plaintiff re-avers and re-alleges each and every allegation of fact and law contained herein as if re-pled in their entirety.

29. Plaintiff brings this cause of action against Defendants, NOBLE DRILLING (U.S.) LLC, NOBLE DRILLING SERVICECS INC. and SHELL OIL COMPANY, as set forth herein pursuant to the General Maritime Law of the United States of America.

30. On or about August 29, 2021, the NOBLE GLOBETROTTER II was owned, operated, controlled, and/or manned by Defendants, NOBLE DRILLING (U.S.) LLC, NOBLE DRILLING SERVICES INC., and/or SHELL OIL COMPANY.

31. At all relevant times, Defendants, NOBLE DRILLING (U.S.) LLC, NOBLE DRILLING SERVICES INC., and SHELL OIL COMPANY, owed a duty to furnish a vessel that was seaworthy in all respects and reasonably safe equipment and gear.

32. On or about August 29, 2021, dangerous and unseaworthy conditions existed aboard the NOBLE GLOBETROTTER II, and Plaintiff, HOWELL C. MCINTYRE, thus, was caused to sustain severe injuries.

33. Defendants, NOBLE DRILLING (U.S.) LLC, NOBLE DRILLING SERVICES INC., and SHELL OIL COMPANY, failed to take reasonable and necessary steps to ensure the safety of the vessel's crew. On or about August 29, 2021, the NOBLE GLOBETROTTER II was unseaworthy in the following particulars:

   a. The vessel had an incompetent Master, pilot, and/or crew;
   b. The vessel lacked safe policies and procedures for mitigating against the risks of hurricane and evacuating personnel during adverse weather and sea conditions;
   c. There was a crack in the hull of the vessel, which allowed water into certain compartments;
   d. There was a malfunction of some of the equipment on deck used to pull the risers;
   e. The vessel lacked adequate safety equipment and gear to protect the crew; and,

   f. Other unseaworthy conditions as proven at time of trial.

34. Said breaches of duty proximately contributed, in whole or in part, to cause Plaintiff to suffer the hereinafter complained of injuries for which Defendants, NOBLE DRILLING (U.S.) LLC, NOBLE DRILLING SERVICES INC., and SHELL OIL COMPANY, are liable to the Plaintiff in damages.

## IX.
## FOURTH CAUSE OF ACTION FOR MAINTENANCE AND CURE

35. Plaintiff re-avers and re-alleges each and every allegation of fact and law contained herein as if re-pled in their entirety.

36. Plaintiff brings this cause of action against Defendants, NOBLE DRILLING (U.S.) LLC and NOBLE DRILLING SERVICES INC., pursuant to the General Maritime Law of the United States of America.

37. As an employee and seaman of Defendants, NOBLE DRILLING (U.S.) LLC and/or NOBLE DRILLING SERVICES INC., Plaintiff, HOWELL C. MCINTYRE, is entitled under the General Maritime Law to the payment of maintenance and cure until his reaching of maximum medical cure. As of the drafting of this Complaint, Defendants, NOBLE DRILLING (U.S.) LLC and NOBLE DRILLING SERVICES INC., have failed to pay adequate maintenance and cure after being so advised of the needs of Plaintiff.

38. On or about August 28, 2021, and on other dates thereafter, and ever since, Defendant, NOBLE DRILLING (U.S.) LLC and NOBLE DRILLING SERVCIES INC., have wrongfully failed and/or refused to provide maintenance and cure to Plaintiff in breach of duties said Defendant owes to Plaintiff. Plaintiff further alleges that it was, and still is, the duty of Defendants, NOBLE DRILLING (U.S.) LLC and/or NOBLE DRILLING SERVICES INC., as his employer to furnish him with maintenance and cure and loss of wages. Plaintiff further alleges that Defendants,

9

NOBLE DRILLING (U.S.) LLC and NOBLE DRILLING SERVICES INC., have unreasonably, arbitrarily, willfully and capriciously refused to promptly pay full maintenance and cure benefits to him, and such sums were due and owing. As a result of Defendants' unreasonably failure to provide maintenance and cure, Plaintiff is entitled to recovery for damages and expenses incurred, including, but not limited to, damages for prolongation or aggravation of injuries, pain and suffering, and additional expenses.

39. Plaintiff states that in addition to such maintenance and cure benefits as he is entitled, he has found it necessary to engage attorneys to represent him in the maintenance and cure action that he is entitled to and brings a suit for the reasonable attorney's fees incurred in the collection of the maintenance and cure benefits due to him. Therefore, for the aforementioned reasons, Plaintiff states that he is entitled to maintenance and cure benefits, compensatory damages and attorney's fees, in a sum in excess of the minimum jurisdictional limits of this Court or for other and further sums as the Court and/or Jury may find reasonable at the time of trial of this cause.

40. By reason of the foregoing premises and as a legal result thereof, Plaintiff has in the past and/or will in the future be caused to suffer the following described injuries and/or losses, for which Defendants, NOBLE DRILLING (U.S.) LLC and NOBLE DRILLING SERVICES INC., are liable to Plaintiff:

  a. Maintenance and Cure benefits accrued to date of trial and for a reasonable time in the future, as may be found necessary;
  b. Physical and emotional injury, pain and suffering;
  c. Prolongation and or aggravation of injuries;
  d. Indebtedness for health care expenses;
  e. Indebtedness for daily living expenses;
  f. Punitive damages for the failure to honor maintenance and cure obligations;
  g. Prejudgment interest; and,
  h. Plaintiff's reasonable attorneys' fees.

All said injuries and damages in an extent, not now precisely known in excess of $250,000.00.

## X.
## DAMAGES

41. As a direct and proximate result of the occurrence alleged, Plaintiff sustained severe and painful injuries to his body and mind, and shock and injury to his nervous system and person, all of which injuries have caused and continue to cause great physical and emotional pain and suffering. In connection therewith, Plaintiff would show that he has sustained severe pain, physical impairment, discomfort, mental anguish, and distress to date. Plaintiff is informed and believes and alleges that, in all reasonable probability, some or all of said injuries will result in permanent damage, disability, and pain and suffering, causing general damages in an amount to be determined at trial. Moreover, Plaintiff has suffered a loss of earnings in the past, as well as a loss of future earning capacity. Furthermore, he has incurred and will incur pharmaceutical and medical expenses in connection with said injuries. By reason of the foregoing, Plaintiff would show that he has been damaged in a sum, to be determined at trial, far in excess of the minimum jurisdictional limits of this Honorable Court, for which amount he comes now and sues.

42. By reason of the foregoing premises and as a legal result thereof, Plaintiff has in the past and/or will in the future be caused to suffer the following described injuries and/or losses, for which Defendants, NOBLE DRILLING (U.S.) LLC and SHELL OIL COMPANY, are jointly and severally liable to Plaintiff:

   a. Reasonable and necessary medical expenses in the past and in the future;
   b. Physical pain and suffering in the past and in the future;
   c. Mental anguish in the past and in the future;
   d. Loss of earning capacity in the past and in the future;
   e. Physical disfigurement in the past and in the future;
   f. Physical impairment in the past and in the future;
   g. All damages referred to elsewhere in this Complaint;
   h. All damages allowed under law; and,
   i. Any other relief to which Plaintiff is entitled under law or equity.

All said injuries and damages in an extent, not now precisely known, in excess of $5,000,000.00.

11

## XI.
## JURY DEMAND

43. Plaintiff hereby requests a trial by jury on all issues raised herein and tenders the appropriate fee.

## XII.
## USE OF ITEMS PRODUCED IN DISCOVERY

44. Plaintiff hereby gives notice of his intent to utilize items produced in discovery in the trial of this matter, and the authenticity of such items shall be deemed self-proven per TEXAS RULES OF CIVIL PROCEDURE 193.7

## XIII.
## PRAYER

45. WHEREFORE, after due proceedings had, Plaintiff, HOWELL C. MCINTYRE, prays that Defendants, NOBLE DRILLING (U.S.) LLC, NOBLE DRILLING SERVICES INC., and SHELL OIL COMPANY, be cited to appear and answer herein in a form and manner prescribed by law, and after jury trial of the merits of this cause, Plaintiff have judgment against Defendants, NOBLE DRILLING (U.S.) LLC, NOBLE DRILLING SERVICES INC., and SHELL OIL COMPANY, jointly and severally, in a total sum in excess of the minimum jurisdictional limits of this Court, plus pre-judgment and post-judgment interest at the maximum legal rates, all costs of Court, and all such other and further relief, be it general or special, at law or in equity, to which Plaintiff must show himself justly entitled.

Respectfully submitted,

SCHECHTER, MCELWEE, SHAFFER, & HARRIS, L.L.P.

*/s/Matthew D. Shaffer*
MATTHEW D. SHAFFER
TBA # 18085600
LAURA B. DE LA CRUZ
TBA # 24095300
3200 Travis, Third Floor
Houston, Texas 77006
TEL:   (713) 524-3500
FAX:   (866) 696-5610
Mshaffer@smslegal.com
Ldelacruz@smslegal.com

ATTORNEYS FOR PLAINTIFF

PLAINTIFF DEMANDS A TRIAL BY JURY

13

**Automated Certificate of eService**

This automated certificate of service was created by the efiling system. The filer served this document via email generated by the efiling system on the date and to the persons listed below. The rules governing certificates of service have not changed. Filers must still provide a certificate of service that complies with all applicable rules.

Carol Tognetti on behalf of Matthew Shaffer
Bar No. 18085600
ctognetti@smslegal.com
Envelope ID: 57154179
Status as of 9/13/2021 7:49 AM CST

Case Contacts

| Name | BarNumber | Email | TimestampSubmitted | Status |
| --- | --- | --- | --- | --- |
| Carol Tognetti | | ctognetti@smslegal.com | 9/10/2021 4:43:51 PM | SENT |
| Laura De La Cruz | | ldelacruz@smslegal.com | 9/10/2021 4:43:51 PM | SENT |
| Matthew D.Shaffer | | mshaffer@smslegal.com | 9/10/2021 4:43:51 PM | SENT |